**WO**                                                                                           TCK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar McCoy Nester Jr., | No. CV 06-1457-PHX-SMM (GEE) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

Plaintiff Oscar McCoy Nester Jr., confined in Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court will dismiss the Complaint with leave to amend.

## I. Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350. The Court will assess no initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

**JDDL-K**

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved" but not if a complaint "lacks merit entirely." Id. at 1129. The Court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts or if it appears at all possible that the defect can be corrected. Id. at 1130.

### III. Complaint

In the Complaint, Plaintiff alleges the following claims for relief: **(Count I)**: Plaintiff contends that in January, 2006, he informed detention officers and medical staff that he was having respiratory problems, but Defendants failed to provide treatment. As a result of the Defendants failure to properly treat him, Plaintiff contends that he was hospitalized for two weeks with a severe case of pneumonia. Plaintiff further alleges that he contracted this illness because of the unhealthy conditions of confinement at the jail. **(Count II)**: Plaintiff alleges that the conditions of confinement at the jail are unsanitary and unhealthy. Plaintiff claims that the food is cold, ventilation is inadequate, recreation is limited, diseases are rampant, sunlight is limited, drinking water is unsanitary, and the facility is infested with mice and bugs. Named as Defendants are Joseph Arpaio; Mary Rose Wilcox and Wanda LaPoint.

### IV. Failure To State A Claim

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." Wood v. Ostreander, 879 F.2d 583, 587 (9th Cir. 1989). For a person to liable in his official capacity, Plaintiff must allege that he acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).

JDDL-K

- 2 -

1    A supervisor, in his individual capacity, "is only liable for constitutional violations
2 of his subordinates if the supervisor participated in or directed the violations, or knew of
3 the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th
4 Cir. 1989). "A plaintiff must allege facts, not simply conclusions, that show that an
5 individual was personally involved in the deprivation of his civil rights." Barren v.
6 Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

7    Plaintiff has not alleged that Defendant Arpaio enacted or enforced a policy,
8 custom, or practice which resulted in the denial of his constitutional rights. Further,
9 Plaintiff did not allege that Defendant Arpaio violated his constitutional rights, or was
10 even aware that his rights were being violated. Accordingly, Plaintiff fails to sufficiently
11 set forth a cause of action against Defendant Arpaio.

12    With respect to Defendants Wilcox and LaPoint, to state a valid claim under §
13 1983, Plaintiff must allege that he suffered a specific injury as a result of the specific
14 conduct of a defendant, and show an affirmative link between the injury and the conduct
15 of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 604-05,
16 607, 46 L. Ed. 2d 561, 569-70, 573 (1976). To state a claim against a state official, the
17 civil rights complainant must allege that the official personally participated in the
18 constitutional deprivation or that a state supervisory official was aware of widespread
19 abuses and with deliberate indifference to the inmate's constitutional rights, failed to take
20 action to prevent further misconduct. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987);
21 See Monell v. New York City Department of Social Services, 436 U.S. 658, 691, 98
22 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

23    Plaintiff makes no such allegation against Defendants Wilcox and LaPoint and
24 therefore, fails to demonstrate the link between Defendant's conduct the injury allegedly
25 suffered by Plaintiff.

26    Finally, to allege an Eighth Amendment claim, a plaintiff, whether a convicted
27 inmate or pretrial detainee, must show that defendants were "deliberately indifferent" to
28

JDDL-K

1  the alleged constitutional violations. Redman v. County of San Diego, 942 F.2d 1435,
2  1443 (9th Cir. 1991); Wilson v. Seiter, 501 U.S. 294, 302-03 (1991).

3  To state a claim of deliberate indifference, a plaintiff must allege that a defendant,
4  despite his knowledge of a substantial risk of serious harm to the plaintiff, failed to take
5  reasonable measures to abate the harm. Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct.
6  1970, 1984, 128 L.Ed.2d 811 (1994). The Supreme Court has set out a two part test for
7  deliberate indifference. "First, the alleged constitutional deprivation must be, objectively,
8  'sufficiently serious'" *i.e.*, the official's "act or omission must result in the denial of 'the
9  minimal civilized measure of life's necessities.'" Id. at 834, 114 S.Ct. at 1977 (quoting
10 Wilson v. Seiter, 501 U.S. 294, 298 (1991); Rhodes v. Chapman, 452 U.S. 337, 347
11 (1981)). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*,
12 he must act with deliberate indifference to inmate health or safety. Farmer, 511 U.S. at
13 834, 114 S.Ct. at 1977. The Supreme Court has further defined this subjective test: "the
14 official must both be aware of the facts from which the inference could be drawn that a
15 substantial risk of serious harm exists, and he must also draw the inference." Id. at 837,
16 114 S.Ct. at 1979.

17 Further, when a prisoner attempts to hold a prison employee responsible for
18 deliberate indifference, the prisoner must establish individual fault. Leer v. Murphy, 844
19 F.2d 628, 634 (9th Cir. 1988) (citing Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir.
20 1986)). "The prisoner must set forth specific facts as to each individual defendant's
21 deliberate indifference." Id. at 634 (citing Berg, 794 F.2d at 460-461).

22 For the reasons stated herein, Plaintiff's Complaint will be dismissed for failure to
23 state a claim upon which relief may be granted. In any Amended Complaint, Plaintiff
24 must allege, to the extent that he can do so in good faith, that each Defendant acted in a
25 way to "consciously disregard" a substantial risk of serious harm. Farmer, 114 S.Ct. at
26 1980. Plaintiff must set out the direct or circumstantial evidence he relies on to
27 demonstrate that each Defendant acted or failed to act despite his knowledge of a
28 substantial risk of serious harm and failed to take reasonable measures to abate the harm.

1  See id. at 1984.  For each of the named Defendants, Plaintiff must allege that he suffered
2  a specific injury as a result of the specific conduct of a defendant, and he must provide
3  relevant facts to support each of his claims.

4  Within 30 days, Plaintiff may submit a first amended complaint to cure the
5  deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form
6  to use for a first amended complaint.  If Plaintiff fails to use the court-approved form, the
7  Court may strike the Amended Complaint and dismiss this action without further notice to
8  Plaintiff.

9  Plaintiff must clearly designate on the face of the document that it is the "First
10 Amended Complaint."  The first amended complaint must be retyped or rewritten in its
11 entirety on the court-approved form and may not incorporate any part of the original
12 Complaint by reference.  Plaintiff may include only one claim per count.

13 A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet,
14 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896
15 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original
16 complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised
17 in the original complaint is waived if it is not raised in a first amended complaint.  King v.
18 Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

19 Plaintiff is also reminded that in an Amended Complaint, he may only include one
20 claim per count.  The "one claim per count" rule is set forth in the form Complaint and
21 accompanying instructions, and is a requirement imposed by the local rules of this Court.
22 See LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with
23 the form).

24 **VI. Warnings**

25 **A.  Release**

26 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his
27 release.  Also, within 30 days of his release, he must either (1) notify the Court that he
28

JDDL-K

- 5 -

1  intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to
2  comply may result in dismissal.

### B. Address Changes

3  Plaintiff must file and serve a notice of a change of address 10 days before the
4  move is effective, if practicable.  See LRCiv 83.3(d).  Plaintiff must not include a motion
5  for other relief with a notice of change of address.  Failure to comply may result in
6  dismissal.

### C. Copies

7  Plaintiff must submit an additional copy of every document that he files for use by
8  the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken
9  without further notice to Plaintiff.

### D. Possible "Strike"

10  Because the Complaint has been dismissed for failure to state a claim, if Plaintiff
11  fails to file an amended complaint correcting the deficiencies identified in this Order, the
12  dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).
13  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil
14  judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more
15  prior occasions, while incarcerated or detained in any facility, brought an action or appeal
16  in a court of the United States that was dismissed on the grounds that it is frivolous,
17  malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is
18  under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E. Possible Dismissal

19  Plaintiff is warned that failure to timely comply with every provision of this Order,
20  including these warnings, may result in dismissal of this action without further notice.  See
21  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss
22  an action for failure to comply with any order of the Court).

JDDL-K

- 6 -

**VII. Pending Motions**

Pending before the Court are the following motions: Motion To Subpoena Health Records (Doc. #4); Motion To Obtain Medical Records (Doc. #5) and Motion For Ordering Jail To Release In-Custody Records (Doc. #6). These motions will be denied without prejudice, with leave to re-file, upon the filing of an Amended Complaint, as directed by this order.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350 filing fee and is assessed no initial partial filing fee.

(3) The Complaint (Doc. # 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(6) That Plaintiff's Motion To Subpoena Health Records (Doc. #4); Motion To Obtain Medical Records (Doc. #5) and Motion For Ordering Jail To Release In-Custody Records (Doc. #6) are denied without prejudice, with leave to re-file, upon the filing of an Amended Complaint, as directed by this order.

DATED this 2nd day of November, 2006.

Stephen M. McNamee
United States District Judge

**Instructions for Prisoners Applying for Leave to Proceed *in Forma Pauperis*
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the full filing fee of $350.00 for a civil action. If you later file an appeal, you will be obligated to pay the $455.00 filing fee for the appeal.

If you have enough money to pay the full filing fee, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint, petition, or notice of appeal.

If you do not have enough money to pay the full filing fee, you can file the action without prepaying the filing fee. However, the court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit. The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income. The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months. If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined. If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 4/9/06

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| _____, | ) | |
| Plaintiff, | ) CASE NO. _____ | |
|  | ) | |
| vs. | ) | APPLICATION TO PROCEED |
|  | ) | *IN FORMA PAUPERIS* |
| _____, | ) | BY A PRISONER |
| Defendant(s). | ) | CIVIL (NON-HABEAS) |
|  | ) | |

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained? ☐Yes  ☐No   If "Yes," how many have you filed? _____.
Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?  ☐Yes  ☐No   If "Yes," how many of them? _____.

2. Are you currently employed at the institution where you are confined?  ☐Yes  ☐No
If "Yes," state the amount of your pay and where you work. _____
_____

3. Do you receive any other payments from the institution where you are confined?  ☐Yes  ☐No
If "Yes," state the source and amount of the payments. _____
_____

4.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined? ☐ Yes ☐ No
    If "Yes," state the sources and amounts of the income, savings, or assets. _____
    _____
    _____

    I declare under penalty of perjury that the above information is true and correct.

    _____           _____
    DATE                                      SIGNATURE OF APPLICANT

    ## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

    I, _____, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information. I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).
    My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:
    (A) the average monthly deposits to my account for the six-month period preceding my filing of this action, or
    (B) the average monthly balance in my account for the six-month period preceding my filing of this action.
    My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income. Whenever the amount in my account reaches $10.00, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full. I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

    _____           _____
    DATE                                      SIGNATURE OF APPLICANT

    ## CERTIFICATE OF CORRECTIONAL OFFICIAL
    ## AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

    I, _____, certify that as of the date applicant signed this application:
        (Printed name of official)
    The applicant's trust account balance at this institution is:                $_____
    The applicant's average monthly deposits during the prior six months is:     $_____
    The applicant's average monthly balance during the prior six months is:      $_____
    The attached certified account statement accurately reflects the status of the applicant's account.

    _____
    DATE        AUTHORIZED SIGNATURE        TITLE/ID NUMBER            INSTITUTION

Revised 4/9/06                                    2