**WO**                                                                                                               TCK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar McCoy Nester Jr., | No. CV 06-1457-PHX-SMM (GEE) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, et. al., | |
| Defendants. | |

Plaintiff Oscar McCoy Nester Jr., who is confined in the Maricopa County Jail, has filed a *pro se* civil rights Amended Complaint pursuant to 42 U.S.C. § 1983, as directed by the Court's November 3, 2006 order (Doc. #8). The Court will order Defendants to answer the Amended Complaint.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**TERMPSREF**

## II.     Amended Complaint

In the Amended Complaint, Plaintiff alleges the following claims for relief: (1) Plaintiff alleges that Defendants acted with deliberate indifference towards his serious medical needs. Specifically, Plaintiff alleges that defendants failed to properly treat his pneumonia. Plaintiff contends that on numerous occasions he filed grievances wherein he made Defendants aware that he had difficulty breathing and needed medical treatment, but Defendants failed to treat him timely. As a result, his lungs filled with fluid and he suffered extreme pain for 10 days before being hospitalized for two weeks with severe pneumonia. In Count II, Plaintiff alleges that the living conditions are the Maricopa County Jail are deplorable. Plaintiff contends that the conditions are overcrowded, food is of poor quality and nutritionally inadequate and often makes inmates sick, diseases are rampant and the conditions are hazardous.

Named as Defendants are: Joseph Arpaio; Maricopa County Correctional Health Services; Maricopa County Sheriff's Office and Unknown Parties. Plaintiff seeks punitive and compensatory damages.

## III. Improper Defendants

The Maricopa County Sheriff's Office is not a proper Defendant. In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See A.R.S. § 11-141(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties, and not a "person" amenable to suit pursuant to § 1983. Therefore, the Maricopa County Sheriff's Office will be dismissed.

Maricopa County Correctional Health Service is also not a proper Defendant. While Arizona places responsibility for operating county jails by law upon the sheriff, see \A.R.S. §§ 11-141(A)(5), 31-101, Maricopa County is responsible for the provision of medical care to inmates. Correctional Health Service is an administrative creation of the County that is not a "person" amenable to suit under § 1983. Therefore, Correctional Health Service will be dismissed as an improper Defendant.

1  The Court will not direct that service be made on Defendant "Unknown Parties" at this time. Generally, the use of John or Jane Doe-type appellations to identify defendants is not favored, and as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon a John or Jane Doe defendant. However, the Court will not dismiss the claims against the Unknown Parties at this time. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)) (where identity of alleged defendants will not be known prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds).

If Plaintiff later discovers the identity of these Defendants, Plaintiff should amend his Complaint to name them.  Plaintiff may amend his Complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  After any Defendant has filed an answer or other responsive pleading, however, Plaintiff must file a motion requesting leave to amend and submit a proposed amended complaint.[1]

**IV. Claims To Which An Answer Will Be Required**

The Court will require an answer from Defendant Arpaio on Counts I and II of the Amended Complaint.

**V.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

---

[1] Plaintiff should note that all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); Local Rule 1.9(d) ("party filing an amended pleading shall retype the entire pleading and may not incorporate any part of the preceding pleading, including the exhibits, by reference").

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**VI. Pending Motions**

Pending before the Court are the following motions: Motion For Extension of Time (Doc. #10); Motion For Appointment of Counsel (Doc. #11) and Motion to Suspend Filing Fees (Doc. #12).

Plaintiff's Motion For Extension of Time (Doc. #10) will be denied as moot.

Plaintiff has filed a Motion For Appointment of Counsel (Doc. #11). There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the

1  complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v.
2  Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The Court must review both of these factors
3  together in deciding whether or not to appoint counsel. Id.

4        The Court has reviewed and evaluated the Complaint and finds this action presents
5  no "exceptional circumstances" requiring the appointment of counsel at this time.  Plaintiff
6  is in no different a position than other *pro se* litigations who have brought nearly identical
7  claims.  Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. #11) will be
8  denied.

9        Finally, Plaintiff has filed a Motion To Suspend Filing Fees (Doc. #12).  The Court
10 noted in its previous order that Plaintiff must pay the statutory filing fee of $350.00 pursuant
11 to 28 U.S.C. § 1915(b)(1) (Doc. #8).  The Court does not have the discretion to waive the
12 filing fee. Rather, Plaintiff was granted the opportunity to pay incrementally by withdrawl
13 from his inmate account.  Accordingly, Plaintiff's motion will be denied.

14 **IT IS ORDERED:**

15       (1)    Plaintiff's Motion For Extension of Time (Doc. #10) is denied as moot;

16       (2)    That Plaintiff's Motion for Appointment of Counsel (Doc. #11) is denied;

17       (3)    That Plaintiff's Motion To Suspend Filing Fees (Doc. #12) is denied;

18       (4)    That Defendants Maricopa County Sheriff's Office and Correctional Health
19 Services are dismissed from this action;

20       (5)    The Clerk of Court must send Plaintiff a service packet including the
21 Complaint (Doc. #1), this Order, and both summons and request for waiver forms for
22 Defendant Arpaio;

23       (6)    Plaintiff must complete and return the service packet to the Clerk of Court
24 within 20 days of the date of filing of this Order.  The United States Marshal will not provide
25 service of process if Plaintiff fails to comply with this Order.

26       (7)    If Plaintiff does not either obtain a waiver of service of the summons or
27 complete service of the Summons and Amended Complaint on a Defendant within 120 days
28 of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later,

the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.  If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

   (a) personally serve copies of the Summons, Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

   (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)     Defendant must answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)     Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13)     This matter is referred to Magistrate Judge Glenda E. Edmonds pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 8th day of January, 2007.

Stephen M. McNamee
United States District Judge